# UNITED STATES DISTRICT COURT
## Southern District of Iowa



U.S. Courthouse
123 East Walnut Street
Des Moines, Iowa 50309

Clerk of Court's Office
www.iasd.uscourts.gov

Des Moines
Davenport
Council Bluffs

o: 515-284-6248
f: 515-284-6418

September 4, 2024

Clerk of Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re: Filing for *U.S. v. Stedeford*, No. 2:21-cr-00308-JS-1

Dear Clerk of Court:

Enclosed you will find a pro se motion [162] from Scott Anthony Stedeford to be filed in his case in your district, *United States v. Stedeford*, No. 2:21-cr-00308-JS-1. The enclosed order [163] filed by Judge Rebecca Goodgame Ebinger provides further explanation.

Please contact our clerk's office at the phone number above if you have any questions.

Sincerely,

*Kandy Sands*

Kandy Sands
Courtroom Deputy for the Honorable Rebecca Goodgame Ebinger

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SCOTT ANTHONY STEDEFORD,<br><br>Defendant. | No. 4:96-cr-00068-RGE-HCA<br><br>ORDER |

On July 3, 2024, the Court received a letter from Defendant Scott Anthony Stedeford. ECF No. 162. In the letter, Stedeford seeks the "Court's assistance in a matter related to the restitution ordered in []his case." *Id.* at 1. He argues the Court collected restitution payments "beyond the time permitted by law for collection" and moves for the return of alleged mis-collected funds. *Id.*

"Acting under 18 U.S.C. § 3611 and 28 U.S.C. § 604(a)(18), the Director of the Administrative Office has adopted 'Criminal Debt' policies and procedures that are published in the Guide to Judiciary Polic[y]." *United States v. Boal*, 534 F.3d 965, 969 (8th Cir. 2008). It appears the policy providing guidance as to the return of restitution payments due to the criminal debt's expiration applies to Stedeford's request. *See* 13 Guide to Judiciary Policy § 845(b)(2) (Oct. 24, 2022). The policy states that if a defendant requests the return of a payment collected after the debt's expiration, the money must be returned *unless the funds have already been disbursed to the victim. Id.* The records maintained by the Clerk of Court for the Southern District of Iowa reflect the funds Stedeford seeks the return of have been disbursed to his victim.

Regardless, this Court no longer has jurisdiction over this matter. In August 2021, the Eastern District of Pennsylvania assumed jurisdiction over Stedeford. ECF No. 160 at 1.

**IT IS ORDERED** that the Clerk of Court for the Southern District of Iowa shall forward a copy of Defendant Scott Anthony Stedeford's filing, ECF No. 162, to the Clerk of Court for

the Eastern District of Pennsylvania to be filed in *United States v. Stedeford*, No. 2:21-cr-00308-JS-1 (E.D. Penn.).

**IT IS FURTHER ORDERED** that the Clerk of Court for the Southern District of Iowa shall forward a copy of this order to Defendant Scott Anthony Stedeford and the Clerk of Court for the Eastern District of Pennsylvania.

**IT IS SO ORDERED.**

Dated this 30th day of August, 2024.

REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT JUDGE

June 27, 2024

Honorable Rebecca Goodgame Ebinger
United States District Judge
123 E Walnut St
Des Moines, IA 50309

RECEIVED
JUL 03 2024
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

RE: *United States v. Stedeford*, Case No. 4:96CR00068-001

Your Honor:

    My name is Scott Stedeford. I was the defendant in the case referenced above. I write today seeking this Court's assistance in a matter related to the restitution ordered in this case. The issue involves money that was collected by this Court beyond the time permitted by law for collection. Therefore, I respectfully move the Court to issue an order for the return of restitution payments collected beyond the lawful time for collection.

    The amount to be returned to me would total approximately $800.00 (principle), plus any interest accrued (approximately $200). Below, I have provided the relevant case background information and reasons why the money should be returned to me.

## Background

1. On February 7, 1997, this Court issued a judgment and commitment (SDIA J&C) in the above case, following a jury trial, presided over by the Honorable Charles R. Wolle, Chief Judge *(SDIA J&C, attached)*. Pursuant to the SDIA J&C, Judge Wolle ordered a sentence of 115 months imprisonment and restitution in the amount of $28,225.00 *(SDIA J&C at 2, 6)*.

2. The following year, on March 13, 1998, I entered a guilty plea for related charges in the United States District Court for the Eastern District of Pennsylvania. Pursuant to the judgment and commitment in that case (EDPA J&C), I was sentenced to 360 months imprisonment and ordered to pay $30,668.91 in restitution *(EDPA J&C, attached)*.

3. At the conclusion of both cases, in May 1998, I was admitted into the custody of the Federal Bureau of Prisons (BOP). Immediately after entering BOP custody, I enrolled in the Financial Responsibility Program (FRP) and began making regular payments toward restitution. Through the FRP, funds were withheld from my prison account on a quarterly basis. Those funds were then dispersed by the BOP to the Court.

4. From approximately May 1998 until my release from confinement 22 years later in August 2020, I paid $25 every quarter through the FRP. All funds withheld during that time went toward satisfying the SDIA restitution and were received by the Clerk of this Court.

5. In August 2020, during the COVID-19 pandemic, I was released to community corrections in the EDPA. At that time an executive order was in effect that suspended all federal restitution obligations as part of an effort to provide financial relief until the conclusion of the pandemic. As a result, I made no payments toward restitution while in community corrections, a period lasting one year, from August 2020 to August 2021.

6. On August 5, 2021, after successfully completing community corrections, I began a five-year period of supervised release under the jurisdiction of U.S. Probation in the EDPA. Just six days into supervision, Probation directed me to make a payment toward restitution. Specifically, Senior Probation Officer Kenneth Bergmann directed me to send a payment of $500.00 toward the SDIA restitution.

7. On August 11, 2021, following Mr. Bergmann's direction, I mailed a check in the amount of $500.00, payable to the Clerk of this Court. The check was cashed on August 17, 2021 *(Cancelled Check image, attached)*.

8. But then, in September 2021, Mr. Bergmann directed me to cease making any further payments toward restitution. After conferring with his supervisor and with counsel in the financial division of the Office of U.S. Attorney, Mr. Bergmann learned that, by law, the time for collecting restitution in the SDIA case (as well as the EDPA case) had expired. Mr. Bergmann informed me that all restitution obligations in my case were terminated.

9. According to the law Mr. Bergmann was referring to, the time for collecting restitution expired twenty years after the entry of the SDIA J&C. The expiration date was August 7, 2017.

10. After conferring about the matter with Probation on several occasions, Mr. Bergmann advised that his office was not responsible for returning the funds and that I should seek reimbursement of those funds collected after the expiration date directly through this Court.

**Reasons for Returning the Money**

All payments collected after February 2017 should be returned in full because they were collected in contravention of the statute governing restitution in this case.

**Applicable Law**

The law governing restitution in this case was the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663 (1994) (superseded by the Mandatory Victims Restitution Act (MVRA) in 1996). Pursuant to the VWPA, restitution was enforceable "in the manner provided for the collection and payment of fines in subchapter B of chapter 229 of this title." 18 U.S.C. § 3663(h)(1)(A) (1994). That provision referred to 18 U.S.C. § 3613, which provided that a fine—and thus a restitution order—was enforceable for only twenty years:

> "[a] lien becomes unenforceable and liability to pay a fine expires ... twenty years *after the entry of the judgment.*"

18 U.S.C. § 3613(b)(1) (emphasis supplied).

Under the VWPA, "when a criminal judgment imposed a restitution order, it created a lien by operation of law and started a twenty-year clock running, and when that clock ran out, two things happened: the lien became unenforceable, and the defendant's liability to pay expired." *United States v. Norwood*, 49 F.4th 189, 196-97 (3rd Cir. 2022).

The judgment in this case was entered on February 7, 1997. According to the VWPA and its corresponding provisions, this was the date when the twenty-year clock started running. The clock ran out twenty years later, on February 7, 2017.

Thus, the final date of enforcement of the judgment with respect to restitution was February 7, 2017. All payments taken after that date therefore constitute illegal collections in so far as they exceeded the twenty-year limitation established in 18 U.S.C. § 3613(b)(1).

### The MVRA Does Not Apply

The MVRA does not apply because the offense conduct occurred prior to the date of its enactment.

The MVRA took effect on April 24, 1996. The language of the MVRA specified that its provisions applied to all sentences administered on or after the effective date. However, it is settled in the Eighth and Third Circuits that any application of the MVRA to offense conduct predating April 24, 1996, would constitute a violation of the Ex Post Facto Clause of the U.S. Constitution. *United States v. Williams*, 128 F.3d 1239 (8th Cir. 1997); *United States v. Edwards*, 162 F.3d 87 (3rd Cir. 1998). The offense conduct in this case occurred between March 29th and April 7th, 1995 (more than one year prior to the MRVA's enactment).

In *Williams*, the Eight Circuit held that "the plain meaning is that restitution under the MVRA is a penalty." *Williams*, 128 F.3d at 1241. As such, the MVRA is inapplicable to cases predating its enactment for purposes of the Ex Post Facto Clause of the Constitution. *Id.* (cases omitted).

In *Edwards*, as in this case, the offense conduct happened before, but the sentence happened after, the MRVA's enactment. *Edwards*, 162 F.3d at 88. In this scenario, the Third Circuit, relying in part on *Williams*, held that "application of the MVRA . . . constitutes a violation of the ex post facto prohibition." *Id.* (collecting cases at 89-90).

### Conclusion

In accordance with the foregoing facts and law, the Court is requested to issue an order for the return of money collected beyond the limitation established by law, totaling approximately $1,000 ($800 principle, plus $200 interest).

* * *

Prior to submitting this letter/motion, I conferred with the Federal Defenders Office for the Southern District of Iowa. Should the Court find it appropriate to appoint counsel, I request that attorney Nova Janssen be appointed to represent me. She is aware of the issue and said that she is willing to take up representation in this matter.

Respectfully submitted,

*Scott Stedeford*
Scott Stedeford
2426 E. County Line Rd.
Ardmore, PA 19003


Cc: Nova Janssen, Esquire
 nova_janssen@fd.org

# SDIA J&C p.1

SDIA JSC - Trial Case

AO 245-B (Rev. 6-88) Sheet 1 - Judgment in a C. Case    Judgment satisfied 10/2004

## United States District Court

### Southern District of Iowa

UNITED STATES OF AMERICA
v.
Scott Anthony Stedeford

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

Case Number: 4:96CR00068-001

Nicholas Drees
Defendant's Attorney

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court
☒ was found guilty on count(s) 1, 2, and 3 after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to commit bank robbery | 04/07/1995 | 1 |
| 18 U.S.C. § 2113 (a) and (d) | Bank robbery by force, violence and intimidation | 03/29/1995 | 2 |
| 18 U.S.C. § 924 (c)(1) | Use and carry an explosive device and firearm during a bank robbery | 03/29/1995 | 3 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____
☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 12/14/1968
Defendant's USM No.: 40848-066
Defendant's Residence Address:
2426 County Line Road

Ardmore      PA     19003

Defendant's Mailing Address:
2426 County Line Road

Ardmore      PA     19003

02/07/1997
Date of Imposition of Judgment

*Signature: Charles R. Wolle*

Charles R. Wolle
Chief Judge
Name & Title of Judicial Officer

02/07/1997
Date

# SDIA J&C p.2

AO 245B (Rev. 6/96) Sheet 2 - Imprisonment

Judgment-Page __2__ of __7__

DEFENDANT: Brett Anthony Stedeford
CASE NUMBER: 4:96CR00068.001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of __115__ month(s).

consisting of 55 months on each of Counts 1 and 2 to run concurrently, plus 60 consecutive months on Count 3.

[ ] The court makes the following recommendations to the Bureau of Prisons:

[X] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district
    [ ] at _____ a.m./p.m. on _____.
    [ ] as notified by the United States Marshal.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before 2 p.m. on _____.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

**2**

AO 245B (Rev. 4/96) Sheet 3 - Supervised Release

| | |
|---|---|
| DEFENDANT: | Scott Anthony Stratford |
| CASE NUMBER: | 4:96CR00068-001 |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of _____ year(s).

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☒ The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

*See Special Conditions of Supervision - Page*

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

3

SDIA J&C p.3

# SDIA J&C p.4

AO 245B (Rev. 8/96) Sheet 3 - Supervised Release

Judgment Page 4 of 7

DEFENDANT: Scott Anthony Stradford
CASE NUMBER: 4:96CR00068-001

## SPECIAL CONDITIONS OF SUPERVISION

To satisfy any unpaid restitution balance, the defendant shall cooperate with the Probation Officer in developing a monthly restitution payment plan consistent with a schedule of allowable expenses provided by the Probation Office. He shall provide the Probation Office access to any financial records including income tax returns and checking accounts. He shall not enter into any financial agreement, incur new credit charges, open additional lines of credit, or checking account, or make any purchases in excess of $100 without approval of the U.S. Probation Officer. He may be required to participate in an IRS offset program which may include the garnishment of wages or seizure of all or part of any income tax refund to be applied toward the restitution balance.

4

# SDIA J&C p.5

AO 245A (Rev. 3/95) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page 5 of 7

DEFENDANT: Scott Anthony Stockford
CASE NUMBER: 4:96CR00068-001

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 150.00 | $ | $ 28,225.00 |

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . $ _____

## FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____.

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
  ☐ The interest requirement is waived.
  ☐ The interest requirement is modified as follows:

## RESTITUTION

☐ The determination of restitution is deferred until _____. An Amended Judgment in a Criminal Case will be entered after such a determination.

☒ The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Boatmen's Bank, Attn.: Daniel J. Flerr | $28,225.00 | $28,225.00 | |

**5**

| | Totals: | $ 28,225.00 | $ 28,225.00 |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

# SDIA J&C p.6

AO 245B (Rev 6/05) Sheet 6, Part B - Criminal Monetary Penalties

Judgment-Page 6 of 7

DEFENDANT: Scott Anthony Stanford
CASE NUMBER: 4:06CR00083-001

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  [X] in full immediately; or

B  [ ] $ _____ immediately, balance due (in accordance with C, D, or E); or

C  [ ] not later than _____ ; or

D  [ ] In installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  [ ] In _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

To satisfy any balance unpaid, the defendant shall cooperate with the Probation Officer in developing a monthly restitution payment plan consistent with a schedule of allowable expenses provided by the Probation Officer.

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.

6

EDPA J&C

EDPA J&C - §311 Philly

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

### Eastern District of Pennsylvania

UNITED STATES OF AMERICA
v.
SCOTT ANTHONY STEDEFORD

JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)
Case Number: 2:97CR00051-003
JOSEPH MANCANO, ESQ.
Defendant's Attorney

THE DEFENDANT:

[X] pleaded guilty to count(s) 1 ON DECEMBER 12, 1997.
[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.
[ ] was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO COMMIT BANK ROBBERY | 12/19/1995 | 1 |

A TRUE COPY CERTIFIED TO [illegible] the FLO...
DATED: 3/25/98
ATTEST: [signature] Matthew Higgins
DEPUTY CLERK [illegible]
EASTERN DISTRICT OF PENNSYLVANIA

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____
[ ] Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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
Defendant's Date of Birth: 12/14/1968
Defendant's USM No.: 49848-066
Defendant's Residence Address:
2426 COUNTY LINE ROAD
ARDMORE    PA    19003

Defendant's Mailing Address:
F.C.I. FAIRTON
FAIRTON    NJ    08320

03/13/1998
Date of Imposition of Judgment

[signature]
Signature of Judicial Officer

RONALD L. BUCKWALTER
UNITED STATES DISTRICT JUDGE
Name & Title of Judicial Officer

3/24/98
Date

cc: J. MANCANO, ESQ (2)
M. SCHWARTZ, AUSA
D. MILLER, U.S.P.
US MARSHAL (2)    USPTS

31

33

35

36

# Cancelled Check-Restitution Payment to SDIA, 8/21/2021

**Your Check Image**

Front

SCOTT STEDEFORD
PH. 267-290-5571
2426 E. COUNTY LINE RD
ARDMORE, PA 19003-3026

Date: 8/11/21

Pay to the Order of: Clerk U.S. District Court     $ 500.00

Five Hundred 00/100 Dollars

TD Bank
America's Most Convenient Bank

Case No. 4:96-CR-68-001
For: Restitution Payment     Scott Stedeford

⑆036001808⑆ 4383481995⑊ 0121

Back

FRB CLEVELAND
> 041036033 <
US Treas DG - OTCNET
08/17/2021

PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.
FOR DEPOSIT ONLY
U.S. TREASURY DEPOSITARY ACCT
US DISTRICT COURT
FOR SOUTHERN IOWA
DES MOINES, IA
ALC #0908-4530
6600026925




U.S. POSTAGE PAID
FCM LG ENV
WYNNEWOOD, PA 190
JUN 27, 2024
$1.87
S2324A502757-08
50309
Retail
RDC 99

Scott Stedford
2426 E. County Line Rd.
Ardmore, PA 19003

X-RAYED & CLEARED BY U.S. M.S.

Clerk of Court
U.S. District Court
Southern District of Iowa
123 E. Walnut St.
Des Moines, IA 50309

**CLERK, UNITED STATES DISTRICT COURT**
P.O. BOX 9344
DES MOINES, IA 50306-9344

OFFICIAL BUSINESS

Hasler
09/04/2024
US POSTAGE $002.04⁰
FIRST-CLASS MAIL

ZIP 50309
011E11672854



RECEIVED
SEP 09 2024
BY:_____

Clerk of Court
James A. Byrne U.S. Courthouse
601 Market Street
Philadelphia, PA 19106